# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TINA M. RICHMOND,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 16-CV-140-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Plaintiff Tina M. Richmond's Objections (docket no. 20) to Chief United States Magistrate Judge C.J. Williams's Report and Recommendation (docket no. 19), which recommends that the court affirm Defendant Commissioner of Social Security's ("Commissioner") final decision to deny disability benefits to Richmond.

## *II. PROCEDURAL HISTORY*

On July 5, 2016, Richmond filed the Complaint (docket no. 3), seeking judicial review of the Commissioner's final decision denying disability benefits. On September 16, 2016, the Commissioner filed an Answer (docket no. 7). On December 21, 2016, Richmond filed the Plaintiff's Brief (docket no. 14). On January 23, 2017, the Commissioner filed the Defendant's Brief (docket no. 17). On February 3, 2017, this matter was referred to Judge Williams for issuance of a report and recommendation. On March 10, 2017, Judge Williams filed the Report and Recommendation. On March 24, 2017, Richmond filed the Objections. The Commissioner filed no response to the Objections and the time for doing so has passed. The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

### A. *Review of Final Decision*

When the Commissioner adopts an Administrative Law Judge's ("ALJ") findings and conclusions as its final decision, the final decision is subject to judicial review. *See* 42 U.S.C. § 405(g). The court will "affirm the Commissioner's decision if supported by substantial evidence on the record as a whole." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). "Substantial evidence is 'less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion.'" *Id.* (alteration omitted) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). In determining whether substantial evidence supports the Commissioner's decision, the court "consider[s] the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." *Jones*, 619 F.3d at 968 (8th Cir. 2010) (quoting *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)). A court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choices.'" *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)). "If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions," the court must affirm the Commissioner's decision. *Anderson*, 696 F.3d at 793.

When reviewing the Commissioner's decision, the court "must judge the propriety of such action solely by the grounds invoked by the agency" and may not affirm the decision based on a post hoc rationale that "it considers to be a more adequate or proper basis." *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also, e.g.*, *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) (applying *Chenery* analysis in context of social security benefits); *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (same); *Strom v. Astrue*, Civil No. 07-150, 2008 WL 583690, at *27 (D. Minn. Mar. 3, 2008) (same). In other words, "'a reviewing court may not uphold an agency

decision based on reasons not articulated by the agency,' when 'the agency has failed to make a necessary determination of fact or policy' upon which the court's alternative basis is premised." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) (alterations omitted) (quoting *Healtheast Bethesda Lutheran Hosp. & Rehab. Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998)).

## *B. Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must determine de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court reviews the unobjected-to portions of the proposed findings or recommendations for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, where a party does not file objections to a magistrate's report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error).

## IV. ANALYSIS

Richmond objects to Judge Williams's determination that substantial evidence supported the ALJ's decision to deny Richmond's application for disability benefits. *See generally* Objections. Specifically, Richmond argues that the ALJ erred by: (1) failing to consider Richmond's use of a nebulizer when determining her residual functional capacity ("RFC"); (2) failing to consider Richmond's use of a cane when determining her RFC; (3) reaching an RFC determination without the support of medical evidence from a treating physician; and (4) failing to consider the potential effects of Richmond's obesity when determining her RFC. *See id*. at 3-10 Richmond argues that the ALJ's errors are not harmless and require reversal. *Id*. at 10-11. After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record, the court overrules Richmond's objections.

First, the ALJ committed no reversible error by failing to consider Richmond's use of a nebulizer. Richmond was prescribed a nebulizer for use "4x per day PRN" or "[e]very 4 hours PRN."[1] *See* AR at 1290, 1293, 1302, 1309, 1312, 1317, 1322, 1329, 1340, 1352, 1474, 1487, 1495, 1550. Richmond's medical evaluations show that she demonstrated significant lung and respiratory problems on an intermittent basis, with the most recent evaluations included in the Administrative Record reflecting improvements in her symptoms. *See, e.g.*, AR at 998, 1002, 1068, 1069, 1080, 1196. Richmond testified that she uses the nebulizer four times per day, including regular usage in the morning upon waking up and at night before bed. AR at 127-28; *see also* AR at 1058 (observing that Richmond's cough is "worse in the early mornings and evenings"). Richmond can point to no portion of the Administrative Record establishing an irregular or emergency use of a nebulizer that might interfere with any potential employment. Rather, the record before the ALJ showed that Richmond required use of her nebulizer on a predictable schedule (at

---

[1] "PRN" stands for "pro re nata," meaning "as needed."

least in part) and that she had shown improvements during recent medical evaluations. *See* AR at 127-28. Based on this record, the ALJ committed no reversible error by failing to expressly consider Richmond's use of a nebulizer. *See MacPherson v. Astrue*, No. C10-0163, 2011 WL 5875742, at *13 (N.D. Iowa Nov. 22, 2011) (finding no reversible error where ALJ failed to consider the use of a nebulizer but "thoroughly considered the medical evidence of record").

Second, the ALJ committed no reversible error by failing to consider Richmond's use of a cane. An ALJ must consider limitations resulting from a claimant's use of a cane only if the cane "is medically required" as reflected in "medical documentation establishing the need for [the cane] to aid in walking or standing, and describing the circumstances for which it is needed." S.S.R. 96-9p, 1996 WL 374185, at *7 (providing guidance regarding the relevance of "[m]edically required hand-held assistive device[s]" to RFC determinations). The Administrative Record includes evidence that Richmond uses a cane on only some occasions. *See, e.g.*, AR at 714 (November 3, 2010 - "Richmond does use a cane on bad days"), 896 (April 2, 2012 - "She uses a cane to ambulate"). However, there is no medical documentation establishing the need for Richmond's use of a cane or describing the circumstances of her usage. In other words, while Richmond's back pain and other issues are well-documented, there is no evidence in the Administrative Record that her use of a cane is "medically required," as opposed to independently adopted by Richmond. *See Tripp v. Astrue*, 489 F. App'x 951, 955 (7th Cir. 2012) (observing that circuits interpreting S.S.R. 96-9p "have required an unambiguous opinion from a physician stating the circumstances in which an assistive device [like a cane] is medically necessary"); *cf. also Toland v. Colvin*, 761 F.3d 931, 936 (8th Cir. 2014) (observing a distinction between use of a "medically required hand-held assistive device" and the use of a cane that "was not prescribed by any physician"). Based on this record and the

5

guidance provided at S.S.R. 96-9p, the ALJ committed no reversible error by failing to expressly consider Richmond's use of a cane.

Third, the ALJ committed no reversible error by failing to consider the effects of Richmond's obesity on her other impairments. The ALJ is required by the procedures in S.S.R. 02-1p to consider obesity's effect on other impairments. *See generally*, S.S.R. 02-1p, 2002 WL 34686281. An ALJ, however, "is not required to discuss every piece of evidence submitted." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). Here, the ALJ did not need to include a specific discussion of obesity because there is no evidence linking Richmond's obesity to her other limitations and Richmond did not testify at the administrative hearing that her obesity imposed additional restrictions. *See McNamara v. Astrue*, 590 F.3d 607, 612 (8th Cir. 2010) (finding an ALJ's failure to include a specific discussion regarding obesity was not erroneous when neither the medical records nor the claimant's testimony demonstrated that additional limitations resulted from it). Richmond has failed to direct the court to anything in the medical record where her obesity was linked to other limitations by a treating physician. *See* Plaintiff's Brief at 25-27; Brief in Support of Objections at 9-10 (docket no. 20-1). While Richmond's obesity is noted in the medical records, the medical records lack evidence showing that a doctor linked Richmond's obesity to any other impairments. *See Fisher v. Barnhart*, No. C05-0198, 2006 WL 4023793, at *7-8 (N.D. Iowa Nov. 6, 2006) (citing *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004)) (finding that merely noting a claimant is obese is not enough to establish the necessary link between obesity and other limitations). Further, Richmond did not testify at the administrative hearing that her obesity imposed additional restrictions. *See* AR at 107-40. As a result, the ALJ concluded that "the signs, symptoms, and laboratory findings do not establish that [Richmond's] obesity has increased in severity coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listed impairment."

*Id.* at 47. Based on this record, the ALJ committed no reversible error by failing to consider the effects of Richmond's obesity on her other impairments. *See McNamara*, 590 F.3d at 612 ("Given that neither the medical records nor [the claimant's] testimony demonstrates that her obesity results in additional work-related limitations, it was not reversible error for the ALJ's opinion to omit specific discussion of obesity.")

Finally, the ALJ committed no reversible error by reaching an RFC determination without evidence from a treating physician. Generally, an ALJ's RFC finding is not supported by substantial evidence where the ALJ relied solely on the reports of non-examining, non-treating physicians. *See Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000) ("The opinions of doctors who have not examined the claimant ordinarily do not constitute substantial evidence on the record as a whole."). "But, [this general rule] does not compel remand in every case that lacks a medical opinion from a treating physician." *Figgins v. Colvin*, No. C 13-3022-MWB, 2014 WL 1686821, *9 (N.D. Iowa April 29, 2014). Rather, an ALJ does not need additional clarifying statements from a treating physician "as long as the records describe the claimant's 'functional limitations with sufficient generalized clarity to allow for an understanding of how those limitations function in a work environment.'" *Id.* (quoting *Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007)). The record must "answer the critical question of how those impairments affect [the claimant's] ability to function in the workplace." *Fitzgerald Morris v. Colvin*, No. C14-4068-LTS, 2016 WL 3360506, at *10 (N.D. Iowa June 16, 2016).

In this case, the objective medical evidence is sufficiently generalized to support the ALJ's RFC determination that the claimant can do light work. The evidence in the administrative record establishes that Richmond has: (1) a normal gait;[2] (2) normal

---

[2] *See, e.g.*, AR at 930 (April 6, 2012 - "usually steady gait"), 995 (July 24, 2012 - "Normal gait"), 1157 (July 9, 2013 - "Gait is steady"), 1382 (June 5, 2013 - "Negative for gait problem"), 1553 (September 15, 2014 - "negative for - gait disturbance").

mobility;[3] (3) full strength in major muscle groups;[4] (4) a full range of motion;[5] and (5) the ability to do light work—as corroborated by medical professionals encouraging Richmond to engage in exercise.[6] All of these factors support a light work determination. Based on this record, the ALJ committed no reversible error by reaching an RFC determination without evidence from a treating physician.

Upon a de novo review, the court is satisfied that the ALJ committed no reversible error. Accordingly, the court shall overrule the Objections in their entirety.

### V.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1)  The Objections (docket no. 20) are **OVERRULED**;

(2)  The Report and Recommendation (docket no. 19) is **ADOPTED** and the final decision of the Commissioner is **AFFIRMED**; and

(3)  The Complaint (docket no. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

---

[3] *See, e.g.*, AR at 924 (June 6, 2012 - "No difficulty walking"), 966, 970 (May 16, 2012 - "able to ambulate from ER in stable condition" following fall), 1157 (July 9, 2013 - "able to walk much further than prior to surgery and reports significant relief of her pain and disability"), 1264, 1268, 1269, 1271 (February, June and July of 2014 - "No [. . .] walking problems").

[4] *See, e.g.*, AR at 977 (July 16, 2012 - "5/5 muscle strength when prompted"), 1157 (July 9, 2013 - "Appropriate motor strength is full in the upper and lower extremities bilaterally"), 1553 (September 15, 2014 - "negative for [. . .] muscular weakness").

[5] *See, e.g.*, AR at 1190 (April 11, 2014 - "normal range of motion"), 1197 (August 12, 2014 - "Normal range of motion").

[6] *See, e.g.*, AR at 1017 (November 12, 2012 - "Discussed yoga and aquatherapy [. . .] Counseled to try and exercise and lose weight"), 1601 (January 6, 2015 - "We will refer to aqua therapy").

**DATED** this 14th day of September, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA